UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

STEPHEN J. DIBBS,

    Plaintiff,

v.                                                    Case No: 8:12-cv-2851-T-36TGW

HILLSBOROUGH COUNTY, FLORIDA,

    Defendant.
_____/

## ORDER

This matter comes before the Court upon the Hillsborough County Chapter of the National Association for the Advancement of Colored People's Motion for Leave to File Amicus Brief (Doc. 70), and Defendant Hillsborough County's response thereto (Doc. 71). In the motion, non-party Hillsborough County Chapter of the National Association for the Advancement of Colored People ("NAACP") seeks leave to file an amicus brief to help this Court determine whether the Community Plan at issue in this case has a discriminatory impact or discriminatory motive. For the reasons discussed herein, the Court will deny the Motion for Leave to File Amicus Brief.

United States Supreme Court Rule 37 provides that an *amicus* brief "that brings to the attention of the Court relevant matter not already brought to its attention by the parties may be of considerable help to the Court." SUP.CT.R. 37(1). Any briefs that do not bring new, relevant matters to the Court are disfavored. *Id.* A provision of the Federal Rules of Appellate Procedure governs the filing of amicus briefs in cases on appeal. FED.R.APP.P. 29. However, there exists no parallel provision in the Federal Rules of Civil Procedure or in this Court's Local Rules to regulate the filing of an amicus brief in the district court. Thus, "[t]he decision whether to allow a non-party to participate as an *amicus curiae* is solely within the broad discretion of the Court." *Dejulio v.*

*Georgia,* 127 F.Supp.2d 1274, 1284 (N.D. Ga. 2001). The circumstances under which an *amicus* brief is considered desirable, however, are limited:

> An amicus brief should normally be allowed when a party is not represented competently or is not represented at all, when the amicus has an interest in some other case that may be affected by the decision in the present case ... or when the amicus has unique information or perspective that can help the court beyond the help that lawyers for the parties are able to provide. Otherwise, leave to file an amicus brief should be denied.

*Citizens Against Casino Gambling in Erie County v. Kempthorne,* 471 F.Supp.2d 295 (W.D.N.Y.2007) (quoting *Ryan v. Commodity Futures Trading Comm'n,* 125 F.3d 1062-3 (7th Cir.1997) (Posner, J.)).

None of these circumstances exist here. Both parties have been competently represented since the inception of this action, which the Court notes has been pending for almost two years, and their lawyers have fully briefed and argued the issues currently before the Court in the pending motions for summary judgment.[1] The NAACP has cited no other case that might be affected by the decision in this case and does not purport to have new or unique relevant information that can help the Court beyond the help that lawyers for the parties are able to provide. Instead, the NAACP seeks to supplement the record with its own research regarding the history of Hillsborough County and its "unique perspective on the issues of this case given its role as a civil rights organization." Doc. 70 at p. 3. Given the extensive briefing and evidence provided to the Court by the attorneys representing both parties over six months ago, it is unlikely that any brief presented by the NAACP would add anything to clarify the issues. To the extent a jury trial is held in this case, the NAACP's extensive research and review of the matter of affordable housing in Hillsborough County that is

---

[1] An order on the cross-motions for summary judgment is imminent.

encompassed by the Keystone Odessa Community Plan may be presented to jurors if relevant and otherwise admissible.

Accordingly, it is **ORDERED** that the Hillsborough County Chapter of the National Association for the Advancement of Colored People's Request for Leave to File Amicus Brief (Doc. 70) is DENIED.

**DONE AND ORDERED** in Tampa, Florida on December 4, 2014.

*Charlene Edwards Honeywell*
Charlene Edwards Honeywell
United States District Judge

Copies to:
Counsel of Record and Unrepresented Parties, if any